JACOB P. SNYDER et al.

*v.*

AUGUST SEEMAN et al.

The rule that the court may, in its discretion, retain an injunction until final hearing, notwithstanding the denial, in the answer, of the facts on which the equity of the bill rests, applied to a case where the property is in litigation in this court in another suit between complainants and one of the defendants in this suit, and the former allege that the latter is colluding with another defendant herein to evict them from the possession of the premises by means of a tax title and an ejectment suit thereon brought by such codefendant, wherein he has obtained a judgment which complainants have moved to set aside.

Bill for relief. On motion to dissolve injunction upon bill and answer.

*Mr. R. P. Tuller*, for the motion.

*Mr. F. F. Hogate, contra.*

THE CHANCELLOR.

This is a suit for an injunction to prevent the defendants, Greaves and Seeman, from turning the complainants out of possession of certain land in Cumberland county by means of an action of ejectment brought by Seeman against them.

The property is the subject of litigation in this court in another pending suit brought by the complainants against Greaves. Seeman claims the property under a tax title, and the bill in this case charges that Greaves and Seeman have colluded together for the purpose of evicting the complainants by means of the tax title and the ejectment suit thereon. It states that the ejectment suit is not at issue. The answer says that the suit was indeed not at issue at the time of filing the bill, but that a judgment by default had been entered in that action, and that at the time when the injunction was served the sheriff had already served an execution issued on that judgment. The complainants, however, are still in possession. It appears, from the statements of counsel on the argument, that an application (still pending) has been made to set aside the judgment. The case is one in which it is proper, in the exercise of a sound discretion, notwithstanding the denial, in the answer, of the facts upon which the equity of the bill rests, to retain the injunction until the final hearing.

But the complainants must give such security, according to the one hundred and twenty-fifth rule (the amount to be fixed by a special master of Cumberland county), as would have been required upon the granting of the injunction had it been known that a judgment had been entered in the ejectment suit; and the bond is to cover damages from the commencement of this suit.

No costs of this motion will be awarded to either side.